UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ARCHIE PERRY                                    CIVIL ACTION

VERSUS                                          NO. 11-1786

BOGALUSA CITY COUNCIL,                          SECTION: "G"
ET AL

**ORDER AND REASONS**

Before the Court is Plaintiff Archie Perry's Motion to Remand on the grounds that the Court

lacks subject matter jurisdiction.  For the following reasons, the Motion to Remand is DENIED.

**I.  Background**

On July 5, 2011, Archie Perry ("Plaintiff") filed suit in the Twenty-Second Judicial District

Court, Parish of Washington, against the city of Bogalusa, the city council, the chief of police, the

city attorney, the planning and zoning commission, and Michael O'Ree, in his capacity as a city

council member and in his personal capacity as a resident of the city of Bogalusa (collectively

"Defendants").  The suit alleges that Defendants violated Plaintiff's "[f]ederal Civil Rights under

Amendment XIV and Article I, Section 2 of the 1974 Constitution of the State of Louisiana."[1]

Plaintiff further alleges that "[t]he Civil Rights, both Federal and State, of the residents of East Ninth

Street, were violated [by Defendants] . . . ."[2]

Plaintiff alleges that his rights were violated when Defendants changed a street

name–allegedly without notice–in the city of Bogalusa.  The street was formerly named East Ninth

---

[1] Petition for Damages, Clerk's Doc. No. 1-2 at ¶ I.

[2] *Id.* at ¶ VI.

Street and was renamed Robert "Bob" Hicks Street.  Mr. Hicks, who recently passed away, was one

of the last surviving members of the civil rights group known as the Deacons for Defense and Justice

and was a former head of the local chapter of the NAACP.

On July 22, 2011, Defendants filed a Notice of Removal.[3]  In the Notice of Removal,

Defendants allege that this Court has subject matter jurisdiction over this claim pursuant to 28

U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441 (removal jurisdiction) because

Plaintiff alleges in his state court petition that Defendants violated his federal civil rights.

Additionally, Defendants allege that this Court has supplemental jurisdiction over the remaining

state law claims pursuant to 28 U.S.C. § 1367.

On September 19, 2011, Plaintiff filed the Motion to Remand that is currently before this

Court.[4]  Therein, Plaintiff states that "[n]o special federal question is being raised regarding the

application of [the] Federal Constitution['s] due process clause."[5]

On October 18, 2011, Defendants filed an Opposition to Plaintiff's Motion to Remand.[6]  In

their opposition, Defendants direct the Court to the portions of Plaintiff's Complaint where the

Plaintiff alleges that the Defendants violated Plaintiff's federal civil rights under the Fourteenth

Amendment.[7]

---

[3] Notice of Removal, Clerk's Doc. No. 1.

[4] Motion to Remand, Clerk's Doc. No. 13.

[5] *Id.* at ¶ 2.

[6] Opposition to Motion to Remand, Clerk's Doc. No. 21.

[7] *Id.*

## II.  Law and Analysis

Defendants removed this action to federal court alleging that this Court has federal question jurisdiction over certain claims raised by Plaintiff because Plaintiff's state law petition sought relief under the United States Constitution.  Plaintiff argues in its Motion to Remand that this Court does not have federal question jurisdiction over his claims because his claims do not arise under the United States Constitution.

### A.  Standard for Removal: Original Jurisdiction

As a general rule, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[8]  As the removing parties, defendants bear the burden of showing that federal jurisdiction exists.[9]  When determining whether removal is appropriate, district courts recognize that federal courts are courts of limited jurisdiction.[10]  While a district court must remand the case to state court if it ever appears, before final judgment, that the court lacks jurisdiction, subject matter jurisdiction is fixed at the time of removal.[11]

Thus, if this Court has original jurisdiction over this suit, Defendants properly removed this case, and Plaintiff's Motion to Remand must be denied.  However, if this Court does not have original jurisdiction over the action, removal was improper and Plaintiff's Motion to Remand must be granted.[12]

---

[8] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[9] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[10] *See e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[11] 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

[12] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

*Analysis of Standard: The Court Has Original Jurisdiction Over Plaintiff's Claim*

In their Notice of Removal, Defendants allege that this Court has subject matter jurisdiction over certain claims alleged by the Plaintiff pursuant to federal question jurisdiction. Congress has provided the federal courts with original jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States."[13] Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[14] If the plaintiff's well-pleaded complaint does not show that federal law creates the plaintiff's right of action, federal question jurisdiction may nonetheless exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[15]

In his petition filed in state court, Plaintiff alleges that Defendants "violated [his] Federal Civil Rights under Amendment XIV. . . ."[16] Plaintiff further alleges that, "[t]he Civil Rights, both Federal and State, of the residents of East Ninth Street, were violated [by Defendants] . . . ."[17] Accordingly, the face of Plaintiff's complaint presents claims that arise under the United States Constitution–namely, that the Defendants allegedly violated Plaintiff's federal civil rights. Thus,

---

[13] 28 U.S.C. § 1331.

[14] *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)); *Terrebonne Homecare Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) ("[t]he well-pleaded complaint rule governs whether a defendant can remove a case based on the existence of a federal question").

[15] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

[16] Petition for Damages, Clerk's Doc. No. 1-2 at ¶ I.

[17] *Id.* at ¶ VI.

this Court has original jurisdiction over these claims,[18] and removal was therefore proper.[19]

B. Standard for Supplemental Jurisdiction

      In their Notice of Removal, Defendants further allege that because this Court has jurisdiction over the claims that arise under the United States Constitution, this Court can exercise jurisdiction over Plaintiff's state law claims pursuant to this Court's supplemental jurisdiction.

      Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  This provision has been interpreted to mean that district courts have supplemental jurisdiction over state law claims when these claims arise out of the same set of operative facts as the federal claims.[20]

*Plaintiff's Claims Arise Out of the Same Set of Operative Facts*

      All of the claims–both federal and state–in Plaintiff's complaint arise out of the same alleged operative facts–namely, that the process and procedure, or alleged lack thereof, used by the Defendants to change the street name from East Ninth Street to Robert "Bob" Hicks Street allegedly without notice or input by the residents of East Ninth Street violated their federal and state constitutional rights.  Considering that the same set of operative facts control all of Plaintiff's claims both state and federal, this Court can exercise supplemental jurisdiction over Plaintiff's state law

---

[18] 28 U.S.C. § 1331.

[19] 28 U.S.C. § 1441.

[20] *State Nat'l Ins. Co., Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

claims.[21]

While district courts "shall have supplemental jurisdiction" over state law claims that arise out of the same set of operative facts as the federal claims, district courts may decline to exercise this jurisdiction under certain circumstances.  Specifically, 28 U.S.C. § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These factors are to be considered on a case-by-case basis and no single factor is dispositive."[22] In addition to the statutory factors, the Court must also balance the factors of judicial economy, convenience, fairness, and comity."[23]

In this case, Defendants, in their Notice of Removal, allege that this Court has supplemental jurisdiction over plaintiff's state law claims, however, the plaintiff, in his Motion to Remand, does not raise the issue of whether the Court has supplemental jurisdiction over any state law claims he may have alleged.  Therefore, the Court need not decide at this time whether it will or should exercise its supplemental jurisdiction.

Importantly, Section 1367(c) has no bearing on whether or not the Court actually possesses

---

[21] 28 U.S.C. § 1367(a). *See Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010) ("[I]f a plaintiff files suit in state court alleging both federal and state claims arising out of the same controversy, the entire action may be removed to federal court.").

[22] *Brookshire Bros. Holding, Inc., v Dayco Prods, Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009).

[23] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002).

jurisdiction; rather, it only affects whether the Court will decline to exercise the jurisdiction that it has pursuant to Section 1367(a).[24]

**III. Conclusion**

Considering that Plaintiff's state court petition, at the time of the Notice of Removal, sought relief under the United States Constitution, this Court has original jurisdiction over the action, and removal was proper.  Additionally, because any and all state law claims raised by the Plaintiff in his state court petition arise from the same set of operative facts as the federal claim, this Court can exercise  supplemental jurisdiction over the state law claims.  When a case has been properly removed to federal court, remand is improper.  Accordingly;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this _____27th___ day of January, 2012.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009); *Del-Ray Batter Co. v. Douglas Battery Co.*, 635 F.3d 731 (5th Cir. 2011) ("the court's determination [pursuant to Section 1367(c)] may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect").