UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCHIE PERRY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 11-1786** |
| **CITY OF BOGALUSA, ET AL.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Currently before the Court is a Motion for Summary Judgment[1] filed by Defendants City of Bogalusa, Bogalusa City Council, Bogalusa Planning and Zoning Commission, City Attorney, Chief of Police, and City Council Member Michael O'Ree (collectively, "Defendants"). The Defendants seek summary judgment on the grounds that Plaintiff Archie Perry has failed to state a cause of action for which this Court might grant relief and that there is no material fact at issue as to whether Plaintiff Archie Perry was damaged in any way by Defendants. After considering the motion, opposition, reply, record, and applicable law, the Court will grant Defendants' Motion for Summary Judgment.

### I. Background

On April 13, 2010, Robert "Bob" Hicks ("Hicks") died of cancer at the age of 81.[2] During his lifetime, Hicks was a member of the civil rights group called the Deacons for Defense and Justice, and he was head of the local chapter of the NAACP in the City of Bogalusa. Following Hicks's death, on April 21, 2010, Defendant Michael O'Ree ("O'Ree"), a member of Defendant

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 25-2.

1

Bogalusa Planning and Zoning Commission (the "Commission"), made an addition to the agenda at an open meeting of the Commission, wherein he requested that East Ninth Street be renamed Robert "Bob" Hicks Street within a two block area from Sullivan Drive to Elliot Street.[3] The Commission unanimously decided to advertise the request to the public and decided to discuss the proposed name change at the next open meeting, which was scheduled for May 19, 2010.[4]

On April 29, 2010, the Commission held a special meeting to correct the name change request for East Ninth Street. The Commission noted that the initial request was to change the name of two blocks of East Ninth Street; however, the request should have been to rename East Ninth Street from Sullivan Drive to Mary Avenue, a three block area. The Commission decided to advertise the new request for a public hearing scheduled for May 19, 2010.[5] At the May 19, 2010 meeting, Hicks's family requested that the entire length of East Ninth Street be renamed. Because only the proposed three block name change had been advertised, the Commission decided to reset the hearing to June 16, 2010 and to advertise the proposal to rename the entire street.[6]

At the June 16, 2010 meeting, many individuals spoke in favor of the name change, and no one voiced opposition to the proposal.[7] After the hearing, the Commission unanimously approved the requested name change.[8] Subsequently, on June 22, 2010, the Bogalusa City Council met and

---

[3] Rec. Doc. 25-3 at pp. 19-23.

[4] *Id.*

[5] *Id.* at p. 23.

[6] *Id.* at pp. 23-25.

[7] *Id.* at p. 26.

[8] *Id.*

addressed a resolution to accept the application for the name change of East Ninth Street.[9] At this meeting, several members of the public spoke in favor of the name change, and Plaintiff Archie Perry ("Plaintiff") spoke against the name change.[10] After hearing the public's comments, the City Council voted unanimously in favor and the Mayor accepted the application.[11]

On July 15, 2011, Plaintiff filed a Petition for Damages for Civil Rights Violations (the "Petition") in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, wherein Plaintiff alleges that his civil rights were violated by Defendants because the name change of East Ninth Street was effectuated without adequate notice and deprived him of his right to due process.[12] Plaintiff filed the Petition *pro se*; however, Plaintiff is a licensed attorney.[13] On July 22, 2011, Defendants removed this action to the Eastern District of Louisiana.[14] This case was initially assigned to Judge Carl J. Barbier, Section "J" of this Court.[15] Subsequently, on October 7, 2011, this case was transferred to this Section, Section "G" of this Court.[16]

On January 17, 2012, Defendants filed the instant motion for summary judgment.[17] On

---

[9] *Id*. at p. 2.

[10] *Id*. at pp. 4-9.

[11] *Id*.

[12] Rec. Doc. 1-2.

[13] Because Plaintiff is an attorney, the Court does not construe his pleadings with the leniency normally afforded *pro se* litigants. *See Barnes v. Madison*, No. 02-50937, 2003 U.S. App. LEXIS 22733, at *8 n.4 (5th Cir. 2003) (citing *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)).

[14] *Id*.

[15] Rec. Doc. 3.

[16] Rec. Doc. 20.

[17] Rec. Doc. 25.

February 14, Plaintiff filed his opposition,[18] and with leave of court, Defendants filed a reply on March 13, 2012.[19]

## II. Law and Analysis

### A. *Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[20] When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[22]

As here, if the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[23]

---

[18] Rec. Doc. 27.

[19] Rec. Doc. 36.

[20] Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23(1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

[22] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[23] *See Celotex*, 477 U.S. at 325.

Then the burden shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[24] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[25]

### B. Law Applicable to a Procedural Due Process Claim

Plaintiff contends that Defendants are liable because they allegedly deprived him of property without due process of law.[26] As the Fifth Circuit has explained, "[t]he central theme of procedural due process under the federal constitution is that parties whose liberty or property rights are affected by governmental action are entitled to notice and an opportunity to be heard in a meaningful manner."[27] A plaintiff must first establish a denial of a constitutionally protected property right in order to establish a procedural due process violation.[28] Property rights are not created by the United States Constitution; instead, a plaintiff must show that he was denied a property right that "stem[s] from an independent source such as state law."[29] If a plaintiff establishes that he has been deprived of a protectible property interest, the due process clause requires that the deprivation by adjudication

---

[24] *See id.* at 324.

[25] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[26] Plaintiff also alleges that his procedural due process rights guaranteed by Article 1, Section 2 of the Louisiana Constitution of 1974 have been violated. Louisiana courts use essentially the same inquiry for analyzing procedural due process violations as is used under the Fourteenth Amendment of the United States Constitution. *See, e.g., Delta Bank & Trust Co. v. Lassiter*, 383 So. 2d 330, 334 (La. 1980). Therefore, the law and analysis applicable to Plaintiff's federal procedural due process claim also applies to Plaintiff's state law claim.

[27] *Price v. City of Junction*, 711 F.2d 582, 589 (5th Cir. 1983).

[28] *Bryan v. City of Madison*, 213 F.3d 267, 274 (5th Cir. 2000).

[29] *Id.* (quoting *Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir. 1987)).

"be preceded by notice and an opportunity for hearing appropriate to the nature of the case."[30]

## C. *Whether Plaintiff was Deprived of Property*

### *1. Parties' Arguments*

In response to Plaintiff's claim that his due process rights were violated because Louisiana Revised Statute, Section 33:814 provides, in his opinion, that he get specific notice of street name changes by city officials, in its Motion for Summary Judgment, Defendants argue that Plaintiff has failed to demonstrate that Plaintiff's constitutional rights have been violated. Additionally, Defendants argue that Plaintiff has not suffered any damages and point to Plaintiff's deposition testimony, wherein Plaintiff testified that he has had no interruption in his mail service, knows of no one who has suffered an interruption of mail service, and has not incurred any expenses as a result of the changing of the street name.

Plaintiff claims that Defendants violated his due process rights under the United States and Louisiana Constitutions because the Commission did not adhere to the requirements of Louisiana Revised Statute, Section 33:814, which Plaintiff contends establishes clear notice requirements before a street name may be changed. Plaintiff alleges that the Commission did not provide individual notice to him and that it instead merely provided general notice to the public about the name change, by advertising in the newspaper, which Plaintiff alleges violated his due process rights. Plaintiff then alleges that Defendants engaged in a conspiracy to deprive Plaintiff of his due process rights by dispensing with the notice Plaintiff argues is required under Section 33:814. Plaintiff claims that this was done because the Defendants believed that many residents would never

---

[30] *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 887 (5th Cir. 1989) (citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950)).

agree to the proposed street name change if given the notice Plaintiff argues was proper.

Defendants argue that Plaintiff's reliance on Louisiana Revised Statute, Section 33:814 is misplaced, as no such law presently exists. Defendants also argue that Plaintiff has provided no proof of a conspiracy and has shown no evidence that he was injured by any such conspiracy. Thus, Defendants contend that Plaintiff has failed to assert a viable legal cause of action and that, therefore, Defendants are entitled to summary judgment dismissing this matter with prejudice.

*2. Analysis*

Plaintiff has failed to show that Defendants have deprived him of property, and therefore, Plaintiff's claims against Defendants must be dismissed. Plaintiff's sole complaint is that Defendants changed the name of East Ninth Street; however, Plaintiff has pointed to no provision under state law that would give Plaintiff a property interest in the street name.

Additionally, Plaintiff's reliance on Louisiana Revised Statute, Section 33:814 is misplaced for a variety of reasons. First, this section of the Louisiana Revised Statutes was repealed. The repeal was made effective on May 26, 2010,[31] a date preceding the change of the street name. The street name change at issue here occurred on June 22, 2010. Further, even if this article was in effect at the time of the name change, it would have no bearing on this case. Former Louisiana Revised Statute, Section 33:814 stated:

> **Vacating, narrowing or changing the name of street; notice; approval by ordinance**
> The commission in vacating any street or part of street, or changing the names of any street, may include in one ordinance the change of name or the vacation or narrowing of more than one street, avenue or alley, but *before vacating*

---

[31] 2010, La. Acts, No. 39, § 2.

> *any street or part thereof, or narrowing any street*, the commission shall first pass a resolution declaring its intention so to do. The city manager shall cause notice of such resolution to be served and return made in the persons whose property abuts upon the portion of the street affected by the proposed vacation or narrowing, and by publication once in one daily newspaper of general circulation in the city as to all the persons who cannot be personally served. The notice shall state the time and place at which objections can be heard before the board of revision of special assessments.[32]

Therefore, the plain language of the statute states that the notice requirement only applied to the vacating and narrowing of a street and did not apply to the changing of a street name. In sum, Plaintiff has not established any violation of law to deny him of the due process rights he would be entitled to before being deprived of property.[33] Plaintiff was given notice in newspaper advertisements and afforded an opportunity to be heard at a public hearing where Plaintiff was actually present and did in fact make his objections known.

On Defendants' Motion for Summary Judgment, all reasonable inferences must be made in favor of the nonmovant, which here is Plaintiff. Plaintiff cannot point this Court to any property interest he has lost, and his unsupported allegations and conclusion of law claiming that his procedural due process rights were violated is insufficient to defeat Defendants' motion.[34] Defendants have successfully pointed to the insufficiency of the record to support elements of Plaintiff's claims, and in so doing have shifted the burden to Plaintiff. Plaintiff fails to carry his

---

[32] La. R.S. 33:814 (West 2002) (emphasis added).

[33] Defendants also argue that Defendants Bogalusa City Council, Bogalusa Planning and Zoning Commission, City Attorney, Chief of Police, and Michael O'Ree are entitled to qualified immunity because these defendants acted in good faith and acted within their discretion as public officials. Defendants further contend that Plaintiff has no cause of action against the City of Bogalusa because Defendants contend that Defendants did not violate state or federal law when the street name was changed and because Plaintiff has suffered no injury. The Court need not address these arguments because Plaintiff's claims fail given that Plaintiff has not provided evidence to show that he was deprived of a property right.

[34] *See Galindo*, 754 F.2d at 1216.

burden to identify genuine issues for trial, and therefore Defendants are entitled to judgment as a matter of law on Plaintiff's claims.

### III. Conclusion

In order to establish a claim against Defendants for a violation of procedural due process, Plaintiff must show that he was deprived of property without due process of law. Plaintiff has failed to demonstrate that he has been deprived of property or denied due process of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** and all Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __21st__ day of September, 2012.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**